IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CT-3083-D

| | | |
|---|---|---|
| JONATHAN THOMAS GAPA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| THREE UNKNOWN NAMED | ) | |
| OFFICERS OF THE GEO GROUP, | ) | |
| | ) | |
| Defendants. | ) | |

On April 9, 2012, Jonathan Thomas Gapa ("Gapa" or "plaintiff"), a former federal inmate proceeding pro se, filed a complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1]. Gapa seeks leave to proceed in forma pauperis [D.E. 2]. On April 16, 2012, Magistrate Judge William A. Webb directed Gapa to refile the complaint on the forms prescribed for use in this district [D.E. 4]. On May 29, 2012, Gapa refiled the complaint and filed a declaration in support of his application to proceed in forma pauperis [D.E. 9, 10]. On June 13, 2012, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [D.E. 12]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Gapa of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 14]. On July 9, 2012, Gapa filed a motion for appointment of counsel [D.E. 16]. On July 17, 2012, Gapa filed a second motion for appointment of counsel [D.E. 17] and responded in opposition to the motion to dismiss [D.E. 18]. As explained below, the court dismisses the action for failure to state a claim upon which relief can be granted, and denies the pending motions.

When reviewing an application to proceed in forma pauperis, a court "shall dismiss" any case that "is frivolous or malicious[,]" that "fails to state a claim on which relief may be granted[,]" or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–84 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

When Gapa filed the complaint, he was incarcerated at Rivers Correctional Institution in Winton, North Carolina ("Rivers"). Am. Compl. [D.E. 9] 2. Gapa alleges that "on the 24/25th of May 2011 . . . 3 unknown named Officers of GEO physical[l]y & psychologic[al]ly harmed" Gapa when they entered his cell and searched it and his person during early morning hours. Id. 3–4. Gapa asserts that he "was targeted with evil intent for exercising his 1st Amendment rights in grievance process for various prison conditions." Id. 4. Gapa further alleges that on October 27, 2011,

2

defendant Jonathan C. Miner ("Miner"), the warden at Rivers, retaliated against Gapa by "leverag[ing] Gapa's opp[o]rtunity to attend his Grandmother[']s funeral against him for dropping the charges" concerning the May 2011 events. Id. 4. According to Gapa, these retaliatory actions constituted "Intentional Infliction of Emotional Distress in speed, precision, coordination, and timing of events and the multiple participants involved." Id. Gapa further alleges that defendants took various other measures to prevent him from vindicating his constitutional rights or that were otherwise adverse to him, including exposing him to second-hand tobacco smoke. Id. Finally, Gapa asserts that defendants are "in contempt of court for not transfer[r]ing & reducing Gapa's sentence" pursuant to a court order. Id.

In addition to three correctional officers and Miner, Gapa names as defendants John J. Bulfin ("Bulfin"), a Rivers executive, and the GEO Group, Inc. ("GEO") (collectively, "defendants"). Id. 2–3. Gapa asserts deprivations of his First, Fourth, and Eighth Amendment rights, and seeks declaratory and injunctive relief as well as nominal, compensatory, and punitive damages. Id. 4.

Rivers is "a privately run facility in North Carolina operated by [GEO] under contract with the . . . Bureau of Prisons." Holly v. Scott, 434 F.3d 287, 288 (4th Cir. 2006). As this court noted in 2008, "courts in this district have repeatedly held, and the Fourth Circuit has agreed, that private individuals who work as employees for [privately-operated prisons] are not subject to liability under Bivens." Holly v. Christensen, No. 5:07-CT-3134-D, 2008 WL 956722, at *4 (E.D.N.C. Apr. 8, 2008) (unpublished) (collecting cases). The Supreme Court's decision in Minneci v. Pollard, 132 S. Ct. 617 (2012), confirmed this court's observation. Thus, Gapa's Bivens claims against GEO employees are frivolous. As for Gapa's claims against GEO, Bivens does not provide a cause of action against private corporations that operate correctional institutions under contract with the Bureau of Prisons. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001). Thus, Gapa's

3

constitutional claims against GEO are also frivolous.

Alternatively, Gapa fails to state a claim upon which relief can be granted. As for Gapa's challenge to the search of his cell and person, see Am. Compl. 3–4, the Supreme Court has long held that correctional institutions' significant and legitimate security interests in controlling the smuggling of contraband outweigh any privacy interests of inmates to be free from visual inspection of body cavities. See Bell v. Wolfish, 441 U.S. 520, 559–60 (1979). "Numerous courts have upheld routine strip searches of segregated inmates based upon security concerns." Owens v. SCDC, Civil Action No. 8:09-278-GRA, 2009 WL 4807005, at *9 (D.S.C. Dec. 8, 2009) (unpublished) (collecting cases). Thus, this claim fails.

Gapa asserts that defendants retaliated against him after Gapa attempted to use grievance procedures. See Am. Compl. 4. However,

> in forma pauperis plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal to survive [frivolity review]. To hold otherwise would be to bring virtually every unpopular decision by state actors within the scope of a cause of action for retaliation. This would pose particular problems in the context of prison administration. Every act of discipline by prison officials is by definition "retaliatory" in the sense that it responds directly to prisoner misconduct. The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in . . . penal institutions.

Adams, 40 F.3d at 74. To survive frivolity review, Gapa "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Id. at 75. Gapa does not allege that any defendant infringed a constitutionally protected right. Additionally, Gapa presents nothing more than naked assertions of retaliation. Thus, this claim fails.

4

Gapa also asserts that defendants interfered with his access to the courts. See Am. Compl. 4. Inmates are entitled to reasonable access to state and federal courts and to communicate with attorneys. See Lewis v. Casey, 518 U.S. 343, 350–51 (1996); Ex parte Hull, 312 U.S. 546, 549 (1941); Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978) (per curiam). However, to state a claim for denial of access to the courts, an inmate must allege actual injury or that the defendant's conduct hindered the plaintiff's efforts to pursue a claim. See Lewis, 518 U.S. at 351–57; Michau v. Charleston Cnty., S.C., 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc). Gapa does not allege any actual injury or conduct of a defendant that hindered Gapa's ability to pursue a claim. Thus, this claim fails.

Gapa also complains of exposure to second-hand tobacco smoke. See Am. Compl. 4. A prisoner's exposure to second-hand tobacco smoke may give rise to an Eighth Amendment claim if the prisoner is exposed to unreasonable levels of environmental tobacco smoke and prison authorities are deliberately indifferent to such exposure. See Helling v. McKinney, 509 U.S. 25, 35 (1993); Tudor v. Harrison, 195 F. App'x 160, 161 (4th Cir. 2006) (per curiam) (unpublished). However, Gapa's wholly conclusory allegations fail to state such a claim upon which relief can be granted.

Additionally, Gapa names Bulfin and Miner as defendants based on their supervisory positions. See Am. Compl. 2–3. However, "[i]n a ... Bivens action—where masters do not answer for the torts of their servants—the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Iqbal, 556 U.S. at 677; Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). Thus, Gapa fails to state a claim against these defendants upon which relief can be granted.

5

Finally, Gapa's request for injunctive relief is moot in light of his release from incarceration. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987); Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986) (per curiam).

As for Gapa's motions for appointment of counsel, no right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct., 490 U.S. 296 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case and Gapa's abilities do not present exceptional circumstances. Accordingly, the court denies Gapa's request for appointed counsel.

In sum, the court DENIES Gapa's motions for appointment of counsel [D.E. 16, 17], DISMISSES the complaint as frivolous under 28 U.S.C. § 1915A, and DENIES AS MOOT all remaining motions [D.E. 2, 12, 15]. The Clerk of Court shall close the case.

SO ORDERED. This **25** day of July 2012.

JAMES C. DEVER III
Chief United States District Judge